IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDALL EUGENE PARRAN,** | : | **CIVIL NO. 3:13-CV-0275** |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| **THEODORE VOORSTEAD,** *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Randal Eugene Parran ("plaintiff"), an inmate formerly incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill") initiated this civil rights action on February 5, 2013. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 28). Named as defendants are the following individuals: Theodore Voorstead ("Voorstead"), E.A. Shoop ("Shoop"), C.O. Taylor ("Taylor"), Mihul, Swartz, Laurel R. Harry ("Harry"), Timothy Henry ("Henry"), Steven Whalen ("Whalen"), James Meintel ("Meintel"), Kathleen Zwierzyna ("Zwierzyna"), John Horner ("Horner"), Paul Leggore ("Leggore"), and L.T. France ("France"). Presently pending is a motion (Doc. 50) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of Shoop, Taylor, Mihul, Swartz, Harry, Henry, Whalen, Meintel, Zwierzyna, Horner, Leggore, and France.[1] For the reasons that follow, the motion will be granted in part and denied in part.

---

[1] An answer (Doc. 51) was filed on behalf of defendant Voorstead.

I.  **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated;

well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II. Allegations of the Complaint

In December 2012, plaintiff was housed in the Special Management Unit ("SMU") at SCI-Camp Hill. (Doc. 1, ¶ 6). Between December 10, 2012, and December 16, 2012, defendants Taylor, Mihul and Swartz, who "work regularly in the S.M.U. program," purportedly starved plaintiff and threatened to tamper with his food if he did not denounce his Muslim religion. (Id. at ¶¶ 8-9). This allegedly led to a court order directing him to be force fed from December 24, 2012 to January 4, 2013. (Id.) He consumed his first solid meal on January 4, 2013. (Id. at ¶ 24). The following day, he suffered severe stomach pain and "started spitting up from eating meat." (Id.) He indicates that he "explained to Dr. Voorstead that he cannot eat meat and was allergic to soy. As the meat was causing him sever[e] pain and the soy was causing him to spit up have dirrai [sic] and throat would feel

3

like he can't breath [sic]. Dr. Voorstead never put [him]on a special diet so he would not be subject to these dangers." (Id. at ¶ 25).

He alleges that on January 27, 2013, defendants Mihul and Taylor, who were not accompanied by a lieutenant as required by SMU policy, delivered him an unsealed food tray with food covered in spit. (Id. at ¶¶ 11, 14). When he questioned Mihul and Taylor about the condition of his food tray, they allegedly responded that the spit was in his food because he lied on grievances. (Id. at ¶ 12). On February 4, 2013, defendant Taylor allegedly commented "I wouldn't eat this one Parran. You know whos [sic] on." (Id. at ¶ 19). On February 13, 2013, he indicates that he spoke with the Unit Manager about the spit in his food and the Unit Manager responded "Staff did not spit in your food!" (Id. at ¶ 17).

Plaintiff alleges that he informed defendant Shoop of his "not eating for 26 days and that he was unable to eat meat and soy," but Shoop failed or refused to provide him with a proper diet or treatment. (Id. at ¶ 26). He indicates that he is still on an alternate protein diet "which consists of a lot of soy" and, despite the submission of numerous sick call requests, he is being denied treatment for his medical problems. (Id. at ¶¶ 27, 29). It is not clear when, but he alleges that, at one point, he was transported to an outside hospital "due to internal bleeding coughing up volumes of blood and body matter." (Id. at ¶ 9).

He alleges that defendants Harry, Henry, Meintel, Zwierzyna, Whalen, France, Horner, and Leggore "make[SMU] policies/training management decisions," and "know and or maintain an unconstitutional practice/policy to place officers (Sgt. Swartz, Milhul, Taylor

4

and others) with deplorable records in the S.M.U. or who have deplorable records to stay in the S.M.U. to have them or know that they would continue to carry out unconstitutional and inappropriate acts upon inmates such as denying inmates food, spitting or tempering with inmate's food . . . " (Id. at ¶¶ 7, 31). He also avers that defendants obstructed his access to the grievance procedure and conspired to deprive him of his constitutional rights. (Id. at ¶¶ 20-23, 28, 36).

## III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### A.     Personal Involvement

Defendants France, Harry, Henry, Horner, Leggore, Meintel, Shoop, Whalen and Zwierzyna argue that because they were not personally involved in the alleged underlying unconstitutional conduct, *i.e.,* First Amendment retaliation claim and Eighth Amendment conditions of confinement and inadequate medical care violations, the complaint against them is subject to dismissal.  Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).  Liability "cannot be predicated solely on the operation of *respondeat superior.*" Id.  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08.  When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, as is the case here, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.  The complaint is completely devoid of any allegations that defendants France, Harry, Henry, Horner, Leggore, Meintel, Whalen and Zwierzyna were personally involved in the violations of plaintiff's Eighth and First Amendment rights. Rather, all allegations are wholly based on the supervisory and managerial positions held by these defendants.  Consequently, the Eighth and First Amendment claims against these

defendants are subject to dismissal.

Conversely, plaintiff sufficiently alleges an Eighth Amendment inadequate medical care claim against defendant Shoop. The Eighth Amendment standard, set forth in Estelle v. Gamble, 429 U.S. 97 (1976), is whether there exists evidence of a serious medical need and acts or omissions by prison officials indicating deliberate indifference to that need. Id. at 582. Deliberate indifference requires that prison officials know of an excessive risk to an inmate's health or safety and affirmatively disregard that risk. Farmer v. Brennan, 511 U.S. 825, 835, 837-38 (1994). Absent a belief or actual knowledge that medical personnel mistreated or failed to treat a prisoner, the non-medical defendants cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference. Spruill, 372 F.3d at 236. Plaintiff's allegations that he informed defendant Shoop that he had not eaten for twenty-six days and that he was unable to eat meat and soy, but that Shoop failed or refused to provide him with a proper diet or treatment are sufficient to state an Eighth Amendment claim. (Id. at ¶ 26). The motion will be denied in this regard.

B.   **Official Capacity**

Defendants seek dismissal of the complaint against all defendants in their official capacity. Personal capacity suits under section 1983 seek to recover money from a government official, as an individual, for acts performed under color of state law. Official-capacity suits, in contrast, generally represent an action against an entity of which the government official is an agent. Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988); see

Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). When suits are brought against state officials in their official capacities, those lawsuits are treated as suits against the state. Hafer v. Melo, 502 U.S. 21, 25 (1991). However, the doctrine of sovereign immunity, established by the Eleventh Amendment, protects states, such as the Commonwealth of Pennsylvania, from suits by citizens. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100–01, 117 (1984); Seminole Tribe v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252, 265 (1996); Lavia v. Pennsylvania, 224 F.3d 190, 195–96 (3d Cir. 2000). That immunity runs to state officials if they are sued in their official capacity and the state is the real party upon which liability is to be imposed. Scheuer v. Rhodes, 416 U.S. 232, 237–38 (1974). Congress has not abrogated the immunity regarding plaintiff's claims, nor has Pennsylvania waived this grant of immunity. See 42 Pa.C.S.A. § 8521(b). Consequently, plaintiff's claims for money damages against the defendants in their official capacity are barred by sovereign immunity. See Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010).

### C.     Due Process Claim

Plaintiff alleges that defendants Shoop, Taylor, Mihul, Swartz, Harry, Henry, Whalen, Meintel, Zwierzyna, Horner, Leggore, and France obstructed the grievance process. It is well-settled that prisoners have no constitutional right to a grievance process, and a prison official's denial of an inmate's grievance or failure to respond or comply with the grievance procedure does not constitute a Fourteenth Amendment due process violation. See Burnside

v. Moser, 138 F. App'x. 414, 415 (3d Cir. 2005) (holding that a "state grievance procedure does not confer any substantive constitutional rights upon prison inmates"); Jackson v. Beard, 2008 WL 879923 at * 7 (E.D.Pa. Mar. 31, 2008) ("inmate grievance procedures in themselves do not confer a liberty interest protected by the Due Process Clause"); Thibodeau v. Watts, 2006 WL 89213 at * 5 (M.D.Pa.Jan.6, 2006) ("Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable"). Thus, plaintiff's claim that his due process rights were violated in connection with the grievance process will be dismissed.

### D.   Conspiracy

Plaintiff also alleges that defendants engaged in a conspiracy in violation of 42 U.S.C. § 1986. In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct. Oatess v. Sobolevitch, 914 F.2d 428, 432 n.8 (3d Cir. 1990). See also, Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. See id.; Rose, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16.

Plaintiff fails to allege specific facts that tend to show that the defendants reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Rather, he relies on subjective suspicions and unsupported speculation, which is insufficient to state a conspiracy claim. Accordingly, the conspiracy claim is subject to dismissal.

## IV. Conclusion

Based on the foregoing, defendants' motion (Doc. 50) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) will be granted in part and denied in part.[2] The motion will

---

[2] Because plaintiff is unable to cure the deficiencies of the claims subject to dismissal, affording him an opportunity to amend would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002) (finding that a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility).

be granted as follows: 1) the First and Eighth Amendment claims against defendants France, Harry, Henry, Horner, Leggore, Meintel, Whalen and Zwierzyna will be dismissed; 2) the Fourteenth Amendment due process claims against defendants Shoop, Taylor, Mihul, Swartz, Harry, Henry, Whalen, Meintel, Zwierzyna, Horner, Leggore, and France will be dismissed; 3) the conspiracy claim against defendants Shoop, Taylor, Mihul, Swartz, Harry, Henry, Whalen, Meintel, Zwierzyna, Horner, Leggore, and France will be dismissed; and 4) all claims against remaining defendants Shoop, Taylor, Mihul and Swartz in their official capacities, will be dismissed. The motion is denied with respect to the Eighth Amendment medical claim against defendant Shoop. The matter will proceed with respect to the First Amendment retaliation and Eighth Amendment conditions of confinement claims against Taylor, Mihul and Swartz, and the inadequate medical care claim against defendant Shoop.[3]

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated: October 7, 2014

---

[3] The Eighth Amendment inadequate medical care claim against defendant Voorstead, who, as noted *supra*, filed an answer to the complaint, will also proceed.