# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RANDALL EUGENE PARRAN,** | : | **CIVIL NO. 3:13-CV-0275** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **THEODORE VOORSTEAD,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Randall Eugene Parran ("Parran") initiated this action on February 5, 2013, with the filing of a complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). The complaint was amended on March 7, 2013 (Doc. 10); it was amended a second time on June 17, 2013 (Doc. 28).

Presently pending is the corrections defendants' motion (Docs. 93) to involuntarily dismiss the action pursuant to FED.R.CIV.P. 41(b). Also before the Court is defendant Voorstead's motion (Doc. 95) to join in the corrections defendants' motion to involuntarily dismiss the action. Parran has failed to oppose either motion as required by Local Rule of Court 7.6, which requires that "[a]ny party opposing any motion . . . shall file a brief in opposition within fourteen (14) days after service of the movant's brief . . . Any party who fails to comply with this rule shall be deemed not to oppose such motion." For the reasons that follow, the motions will be deemed. Defendant Voorstead's motion to join in the motion

to involuntarily dismiss will be granted and the corrections defendants' motion to involuntarily dismiss the action will be granted.

**I.     Background**

On October 7, 2014, this Court entered a memorandum (Doc. 69) and an order (Doc. 70) addressing the corrections defendants' motion to dismiss Parran's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Following Parran's appeal (Doc. 71) to the United States Court of Appeals for the Third Circuit, the matter was administratively closed (Doc. 72).  The Third Circuit dismissed the appeal due to a jurisdictional defect, to wit, the October 7, 2014 Order adjudicated fewer than all of the claims.  (Doc. 77).  This Court then resumed jurisdiction.

Thereafter, Parran filed two motions.  He filed a motion to appoint counsel on May 4, 2015, and a motion to consolidate on June 5, 2015.  There has been no communication from Parran since June 5, 2015.

On January 7, 2016, the Court entered several case management orders, including an order (Doc. 84) reopening the case and setting a pre-trial schedule.  All of the orders (Docs. 82-84) were returned as undeliverable with the notation "Return to Sender.  Refused.  Unable to Forward."  (Docs. 85-87).

On March 23, 2016, another of Parran's cases, Civil Action 3:14-cv-1522, was consolidated into this matter.  (Doc. 89).  At that time, his last known address, a private address in Pittsburgh, Pennsylvania, was added to the docket in this matter.

On April 12, 2016, defendant Voorstead filed a motion (Doc. 90) for summary

judgment pursuant to Federal Rule of Civil Procedure 56, and served it on Parran at the Pittsburgh address. Parran failed to oppose the motion as required by Local Rule 56.1. Consequently, the motion is deemed unopposed. On April 14, 2016, the corrections defendants filed their motion (Doc. 93) for involuntary dismissal. That motion was also served on Parran at his Pittsburgh address. On April 18, 2016, defendant Voorstead moved (Doc. 95) to join in the motion. Parran failed to oppose either motion as required by Local Rule 7.6.

With regard to Civil Action 3:14-cv-1522, the last communication received from Parran in that case was on November 2, 2015. (Doc. 69). Since that time, several orders, including the consolidation order (Doc. 73), and a memorandum (Doc. 72) have been filed and mailed to Parran at the private address in Pittsburgh.[1] Significantly, Parran failed to comply with a portion of the order directing that he provide the Court with additional information as to certain named parties by April 15, 2016.

### III. Discussion

Defendants seek to involuntarily dismiss this action due to "a failure to prosecute and because Plaintiff failed to comply with the Standing Practice Order relative to his obligations to notify the Court of a change of address." (Doc. 94, p. 2).

Federal Rule of Civil Procedure 41(b) permits a district court to dismiss a plaintiff's case for failure to prosecute stating that: "If the plaintiff fails to prosecute or to comply with

---

[1] None of the orders or the memorandum was returned as undeliverable. It is therefore presumed that Parran received these mailings.

3

these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED.R.CIV.P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion.  Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir.2002) (citations omitted). In determining whether dismissal is appropriate a balancing of the following factors is required:  "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984)."  Emerson, 296 F.3d at 190.  No single factor is dispositive, Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir.2008) (citations omitted), and each factor need not be satisfied for the court to dismiss an action, Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  In this case, an assessment of the Poulis factors weighs in favor of dismissing this action.

### A.     Analysis of the Poulis Factors

The first Poulis factor is the extent of the party's personal responsibility.  A *pro se* litigant is personally responsible for failure to comply with a court's rules and orders. Emerson, 296 F.3d at 191.  Parran is proceeding *pro se* and is solely responsible for his failure to comply with the most recent court order and his failure to oppose defendant Voorstead's motion for summary judgment and the motions seeking involuntary dismissal.

The second Poulis factor involves considering prejudice to the adversary. "Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trs. of N.J. Brewery Emps. Pension Tr. Fund, 29 F.3d 863, 873-74 (3d Cir. 1994) (internal quotations and citations omitted.) Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the Poulis analysis, however, does not mean irremediable harm. Ware, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Parran's failure to comply with court rules and orders, and to oppose or respond to motions in any manner, frustrates and delays timely resolution of the litigation, which conduct prejudices defendants.

The third Poulis factor requires considering whether there is a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,' " Briscoe, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." See Adams, 29 F.3d at 874. A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." Id. at 875. It is recognized that Parran's disinterest in this litigation does not span the life of the case. However, he has failed to communicate with the Court or participate in the litigation of Civil Action 3:14-cv-1522, since June 2015, and has failed to communicate with

5

the Court or participate in the litigation of this matter since November 2015.  As such, as is evident from the procedural history, he has demonstrated a history, albeit recent, of consistent non-compliance with court rules and a court order, and ignorance of defense motions.

Whether his conduct is willful or in bad faith is the fourth Poulis factor that must be evaluated.  "Willfulness involves intentional or self-serving behavior." Adams, 29 F. 3 d at 875.  Parran was ordered to provide the Court with additional information concerning named parties and was required to file briefs in opposition to a pending motion for summary judgment and motions seeking involuntary dismissal.  He did not provide the requested information, and failed to oppose the summary judgment motion and the motions seeking involuntary dismissal.  Further, he has failed to request an extension of time in which to do so or communicate with the Court or opposing counsel in any fashion.  His silence and complete failure to litigate this action and comply with court a court order and court rules leads to an inference that he has willfully abandoned this case.

The fifth Poulis factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon the court to explore the effectiveness of lesser sanctions before ordering dismissal.  Poulis, 747 F.2d at 868.  However, where a plaintiff is proceeding *pro se*, and moreover, is proceeding *in forma pauperis*, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorneys' fees, would not be effective alternatives.  Emerson, 296 F.3d at 191.  Parran is proceeding *pro se* and *in forma pauperis*, and there is no evidence to support a

reasonable inference that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorneys' fees and costs, would not be an effective sanction in this case. Further, Parran has failed to communicate with the Court by any mode or means for more than six months and has not complied with a court order. Thus, further orders seeking compliance or a request to demonstrate a willingness to proceed would not be effective. Recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se* litigant who is not amenable to any lesser sanction. See, e.g., Emerson, *supra*; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hosp, 256 F. App'x 506 (3d Cir. 2007); Azubuko v. Bell Nat'l Org., 243 F. App'x 728 (3d Cir. 2007). In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

The sixth Poulis factor is the meritoriousness of the claim. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. This action has survived motions to dismiss. Consequently, the Court does not find that this factor weighs heavily in favor of dismissal.

### B.     Balancing of the Poulis Factors

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need to be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). It is clear that, following a full analysis and

balancing of the factors, that dismissal of the action for failure to prosecute and for noncompliance with court rules is warranted.

### III.  Conclusion

Based on the foregoing, the corrections defendants' motion (Doc. 93) to involuntarily dismiss this action pursuant to FED.R.CIV.P. 41(b) will be granted and defendant Voorstead's motion (Doc. 95) to join in the motion will be granted.

An appropriate order will issue.

                    **BY THE COURT:**

                    **s/James M. Munley**
                    **JUDGE JAMES M. MUNLEY**
                    **United States District Court**

Dated:  May 6, 2016